928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Tyrone COLLINS, Plaintiff-Appellant,
v.
SAGINAW CITY POLICE DEPARTMENT, Defendant-Appellee.
 No. 90-2170.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 E.D.Mich., No. 89-10292; Clelaud, J.
 E.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 E. Tyrone Collins, pro se, appeals from the district court's judgment granting the defendant's motion to dismiss this civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Collins alleged that: 1) he was arrested in his home without probable cause and without a legal search warrant, in violation of his fourth amendment right to be free from unreasonable search and seizure; 2) the seized evidence was illegally used in court at his trial; 3) his privacy was invaded by brutal force used during this arrest; 4) the arresting officers conspired to act illegally, resulting in a miscarriage of justice; and 5) the seized property which was not relative to his charge and conviction had not yet been returned to him, despite his requests for release of that property.
 
 
 3
 The matter was referred to a magistrate, who recommended that the defendant's motion to dismiss be granted. The district court adopted the recommendation and dismissed the complaint. On appeal, Collins requests appointment of counsel and reasserts his claim of denial of due process by the alleged illegal search and seizure of his property.
 
 
 4
 Upon review, this court concludes that the defendant's motion to dismiss this complaint under Fed.R.Civ.P. 12(b)(6) was properly granted. This Sec. 1983 claim is not available against the city police department, as Collins has not alleged or demonstrated any practice or custom on the part of that department with respect to any of the individual officers' actions relating to the search and seizure of the plaintiff's home. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986); Beddingfield v. City of Pulaski, Tenn., 861 F.2d 968, 971 (6th Cir.1988). Moreover, a municipality or an agent of a municipality cannot be held liable under Sec. 1983 on a respondeat superior theory. Monell v. Dep't of Social Serv., 436 U.S. 658, 690 (1978).
 
 
 5
 Accordingly, Collins's request for counsel is denied, and the district court's judgment entered on October 12, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.